CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
J. ALEJANDRO BARRIENTOS (Bar No. 346676)
(Email: Alejandro_Barrientos@fd.org)
HOWARD SHNEIDER
(Email: Howard_Shneider@fd.org)
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
BRYANT RIVERA

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BRYANT RIVERA,<br><br>　　　　Defendant. | Case No. 2:23-cv-08153-MCS-KS<br><br>**CONSOLIDATED REPLY IN SUPPORT OF BRYANT RIVERA'S MOTION TO SUPPRESS EVIDENCE AND MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION TO COMPEL DISCOVERY; DECLARATION OF CANDIDO RIVERA; DECLARATION OF MARIA RIVERA; DECLARATION OF J. ALEJANDRO BARRIENTOS; EXHIBIT A** |

1  Bryant Rivera, through undersigned counsel, submits this consolidated reply in support of his motions to suppress and for reconsideration of order denying motion to compel discovery, as well as declarations of Candido Rivera, Maria Rivera, and J. Alejandro Barrientos, and Exhibit A.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: September 17, 2024     By          /s/
J. ALEJANDRO BARRIENTOS
HOWARD SHNEIDER
Deputy Federal Public Defenders
Attorneys for Bryant Rivera

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. THE GOVERNMENT FAILS TO CARRY ITS BURDEN OF SHOWING THAT CANDIDO RIVERA CONSENTED TO A WARRANTLESS SEARCH OF THE TRUCK THAT HE SHARED WITH HIS SON.

The government submitted a declaration of FBI Agent Cinthia Guttierez and a handwritten "consent" form that supposedly authorized the FBI to search the truck that Candido Rivera shared with his son. However, Mr. Rivera speaks Spanish only, is blind, and has difficulty hearing. Yet Agent Guttierez does not claim to be a native Spanish speaker or to have any Spanish-language training. It is therefore unclear how Agent Guttierez could have possibly "orally confirmed" that Candido Rivera understood the consent form that she claims to have read to him. Guttierez Decl. ¶3.

Moreover, as indicated in the attached supplemental declaration of Candido Rivera, he did not consent to a search of the truck. C. Rivera Decl. ¶10. During the FBI's search of Mr. Rivera's residence, Agent Guttierez asked Mr. Rivera if the FBI could search his garage. She spoke Spanish poorly, and was unable to fully explain herself. *Id.*, ¶8; M. Rivera Decl. ¶10. Mr. Rivera did not understand her to be requesting permission to search the truck. Rather, Mr. Rivera believed the agent was asking to move the truck so that the agents could look into the garage. C. Rivera Decl. ¶10. It was reasonable to believe that agents would make this request because the Riveras' garage was small and the truck was blocking the entrance at the time of the search. *See* Ex. A, Rivera Garage Door. Moreover, Mr. Rivera's wife, who primarily speaks Spanish, witnessed most, if not all, of Mr. Rivera's interactions with Agent Guttierez. M. Rivera Decl. ¶7. She did not hear any request to search the truck.

Various courts have recognized that language barriers may prevent the voluntary consent to a search. *See, e.g.*, *United States v. Garcia-Rosales*, No. CR-05-402-MO, 2006 WL 468320, at *12 (D. Or. Feb. 27, 2006) ("In sum, I find the language barrier between Agent Tyree and Ms. Ruelas–Ceja prevented Ms. Ruelas–Ceja from voluntarily

consenting to the search."); *United States v. Higareda-Santa Cruz*, 826 F. Supp. 355, 359 (D. Or. 1993) ("Because defendant's grasp of English was rudimentary, he did not understand that he could refuse Hagen's request."); *People v. Chavez–Barragan*, 379 P.3d 330, 339 (Col. 2016) ("Language barriers are also relevant along with anything else that could have affected the defendant's free and unconstrained choice in consenting to the search.") (quotations omitted); *see also United States v. Heredia-Fernandez*, 756 F.2d 1412, 1415 (9th Cir. 1985) ("One precondition for a voluntary custodial confession is a voluntary waiver of *Miranda* rights, and language difficulties may impair the ability of a person in custody to waive these rights in a free and aware manner.").

The government relies on a handwritten "consent" form—that Candido Rivera was incapable of reading due to his blindness—and the declaration of an FBI agent who does not purport to have any Spanish-language abilities. The government has therefore failed to carry its burden of showing that Mr. Rivera consented to its search of the truck. *United States v. Scott*, 705 F.3d 410, 416-17 (9th Cir. 2012) (government has burden of proving warrantless searches comply with the Fourth Amendment).

Given the inadequacy of the government's evidence, the defense submits that the Court can grant its motion without an evidentiary hearing. If the Court is not inclined to grant the motion, however, the defense requests an evidentiary hearing and opportunity to cross examine Agent Guttierez.

**II. THE COURT SHOULD COMPEL DISCOVERY OR, AT THE VERY LEAST, REQUIRE THE GOVERNMENT TO SUBMIT MEXICO'S REQUEST FOR MUTUAL ASSISTANCE *IN CAMERA*.**

The government concedes that it contacted Bryant Rivera's brother in law to inquire about potential evidence against Mr. Rivera, and that it received information from Mexico beyond what has been submitted to the Court in connection with Mexico's extradition request. It argues, however, that: (i) it is only acting pursuant to Mexico

request for mutual assistance,[1] and (ii) that it has not formally opened a criminal investigation targeting Mr. Rivera. The latter point is irrelevant. Even in *Demjanjuk v. Petrovsky*, the government did not have an open criminal investigation. 10 F.3d 338 (6th Cir. 1993). It was instead pursuing civil denaturalization proceedings in addition to extradition. The former point is entirely unsubstantiated. The treaty governing U.S.-Mexico cooperation in criminal investigations requires the country requesting assistance to specifically describe the nature of the assistance that it is requesting, including (i) "a description of the evidence or information sought or the requested acts of assistance," (ii) "the method of execution to be followed," and (iii) "the identity or physical description and location of persons from whom evidence is sough." MLAT, Article 4. The government has generally asserted that "it is assisting Mexico" without providing any details that would allow the Court to independently assess whether the government's actions fall within a request that Mexico made pursuant to the MLAT. As previously mentioned, the government's on-the-fly decision to seek consent to search the Riveras' truck suggests that it has acted independent of Mexico's MLAT requests to at least some degree. If nothing else, the Court should require the government to submit Mexico's MLAT request(s) *in camera* so it can independently assess the government's arguments, and not merely rely on conclusory assertions not subject to a real adversarial process.

//
//
//

---

[1] Requests for assistance in criminal investigation between the U.S. and Mexico are governed by the Treaty on Cooperation Between the United States of America and the United Mexican States for Mutual Legal Assistance, U.S.-Mex., Dec. 9, 1987, S. Treaty Doc. No. 100-13 (1988) ("MLAT").

4

# CONCLUSION

For these reasons, the Court should grant Mr. Rivera's motion to suppress and motion for reconsideration of order denying discovery.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: September 17, 2024   By   /s/J. Alejandro Barrientos
J. ALEJANDRO BARRIENTOS
HOWARD SHNEIDER
Deputy Federal Public Defenders
Attorneys for Bryant Rivera

## DECLARATION OF J. ALEJANDRO BARRIENTOS

I, J. Alejandro Barrientos, declare as follows:

1. I am a deputy federal public defender appointed to represent Mr. Bryant Rivera in the above-captioned case.

2. Attached as exhibit A to this reply is a true and correct copy of a picture, taken by FPD investigator Alejandra Gomez, of the garage door of the apartment rented by Candido Rivera and his family.

I swear under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

September 16, 2024                         */s/J. Alejandro Barrientos*
                                            J. Alejandro Barrientos